NINETY–FIVE BARRELS OF DISTILLED SPIRITS (UNITED STATES v.). See Cases Nos. 15,888–15,890.

NINETY–FIVE BOXES (UNITED STATES v.). See Case No. 15,891.

NINETY–TWO BARRELS OF RECTIFIED SPIRITS (UNITED STATES v.). See Case No. 15,892.

---

## Case No. 10,275.

### NINETY–TWO BARRELS OF SPIRITS.

[5 Ben. 323.] [1]

District Court, N. D. New York. Sept., 1871.

INTERNAL REVENUE SEIZURE — CERTIFICATE OF PROBABLE CAUSE—JURISDICTION.

Property was seized by a collector of internal revenue on September 26, 1867, and was next day released to the claimant on a bond given under the 48th section of the internal revenue act of June 30, 1864 (13 Stat. 238). On October 10, 1867, an information was filed against the property. On October 22d, the collector made a new seizure of such of the property first seized as could be found in the possession of the claimant. No information was filed on that seizure. The circuit court, on a writ of error, decided that the first seizure was abandoned, and the claimant was entitled to judgment. The collector then applied to this court for a certificate of probable cause. Held, that the application must be denied for want of jurisdiction.

At law.

HALL, District Judge. This is a motion for a certificate of probable cause. The property against which the information was filed was seized on the 26th day of September, 1867. The next day the property was released to the claimant upon a bond supposed to have been executed in pursuance of the provisions of the 48th section of the internal revenue act of June 30, 1864. On the 10th day of the succeeding month the information in this case was filed, the government officers then having in their possession no part of the property seized, nor anything representing it but the bond so executed. On the 22d October, 1867, the collector who made the first seizure, having concluded that the taking of the bond and the release of the property was unauthorized and irregular, made a new seizure, or reseizure, of such of the property first

seized as could be found, and of other property then found in the possession of the claimant. No information founded upon the second seizure has ever been filed; and the circuit court of this district has decided, upon a writ of error to this court, that the first seizure was abandoned, and that the claimant was entitled to judgment. [Case No. 15,-892.]

The seizing officer now, at the first term of this court after the judgment of the circuit court was announced, moves for a certificate of probable cause for the seizure of the claimant's property, to protect himself against a suit commenced against him by the claimant.

The motion must be denied. There has been no information, and of course no trial, founded upon the seizure in October, and a certificate of probable cause, if granted in this suit, would afford no protection in a suit for damages resulting from such seizure. The circuit court having decided that the first seizure was abandoned, and the jurisdiction of this court to try and determine the question of forfeiture, and of probable cause for the seizure, depending upon the question whether there was a valid and subsisting seizure at the time the information was filed, a certificate of probable cause for that seizure must also be denied for want of jurisdiction.

The motion is therefore denied, but without costs.